IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN PAUL WOODRUFF,

Defendant.

No. CR 93-0439 SI

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION AND MOTIONS UNDER 18 U.S.C. § 3582(c)(1)(B) and 3583(e)(1)**

This case was reassigned to the undersigned judge from retired Judge Vaughn Walker on December 16, 2011. Kevin Paul Woodruff committed robbery of three jewelry stores and attempted robbery of another jewelry store in March of 1991. *See* Dkt. 463; *United States v. Woodruff*, 50 F.3d 673, 675-76 (9th Cir. 1995). Woodruff was convicted of four counts of "interference with commerce by threats or violence" in violation of the Hobbs Act, 18 U.S.C. § 1951(a). *Id*; Dkt. 289. The three jewelry stores which defendant successfully robbed suffered financial losses from the robbery and were forced to close to replenish their inventories or repair damage. Dkt. 463; *United States v. Woodruff*, 1999 WL 776213, *1 (9th Cir. Sept. 29, 1999). At the sentencing hearing on July 14, 1998, the court ordered restitution of $625,000, and sentenced Woodruff to 235 months' imprisonment to be followed by three years of supervised release. Dkt. 287.

Woodruff appealed the judgment on several grounds, including whether the district court had properly denied his request for a downward departure and whether the court had abused its discretion by declining to conduct an evidentiary hearing on Woodruff's motion to relieve counsel. *United States v. Woodruff*, 198 . F3d 256 (9th Cir. 1999). Woodruff did not appeal the restitution order. The Ninth Circuit affirmed the judgment in an unpublished decision. *Id.* On May 30, 2000, the Supreme Court denied Woodruff's petition for a writ of certiorari. *United States v. Woodruff*, 530 U.S. 1206 (2000).

Woodruff thereafter collaterally attacked his sentence numerous times. On November 8, 2000, Woodruff filed a motion for habeas relief pursuant to 28 U.S.C. § 2255. Dkt. 315. Among the

1 numerous claims in Woodruff's first habeas petition, Woodruff argued that the enhancements to his
2 sentence were inappropriate because they were not charged in the indictment or proven to a jury, in
3 violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2005). On July 15, 2003, Judge Walker issued an
4 order denying all of Woodruff's claims. Dkt. 382 (the "July 15, 2003 Habeas Order"). Judge Walker
5 found that because Woodruff's case became final prior to *Apprendi*, *Apprendi* did not apply. *Id.* at 17-
6 18. Judge Walker also found that assuming *arguendo* that *Apprendi* did apply, the enhancements did
7 not exceed the statutory maximum of the crimes for which he was convicted, and thus *Apprendi* was
8 inapplicable. Judge Walker also rejected Woodruff's separate claim that the fines and restitution
9 imposed on him by the sentencing court were excessive due to Woodruff's indigence and lack of assets.
10 *Id.* at 20. Following the Ninth Circuit's holding in *United States v. Kramer*, 195 F.3d 1129, 1130 (9th
11 Cir. 1999), Judge Walker found Woodruff's claim of excessiveness was not cognizable under 28 U.S.C.
12 § 2255.

13 On August 4, 2003, Woodruff moved for reconsideration of the July 15, 2003 Habeas Order.
14 Dkt. 384. On September 12, 2003, Woodruff filed a second motion, reiterating his request for
15 reconsideration. Dkt. 385. On October 23, 2003, Woodruff filed a motion requesting "prompt
16 adjudication" of his motions for reconsideration. Dkt. 388. On January 16, 2004, Judge Walker issued
17 an order denying Woodruff's request for reconsideration. Dkt. 390. Judge Walker stated the standard
18 for a second or successive motion under § 2255, which requires that such motion be certified by a panel
19 of the appropriate court of appeals as containing "(1) newly discovered evidence that, if proven and
20 viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing
21 evidence that no reasonable factfinder would have found the movant guilty of the offense or (2) a new
22 rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was
23 previously unavailable." 28 U.S.C. § 2255. Judge Walker noted that a district court has no jurisdiction
24 to reach the merits of any successive claim unless petitioner receives certification from the court of
25 appeals. *Id.* (*citing United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)). Judge Walker then found
26 that because no certification from the Ninth Circuit had been obtained, Woodruff's motions for
27 reconsideration must be denied. *Id.* at 2. Judge Walker directed Woodruff to seek certification from
28 the Ninth Circuit if he wished to file further successive petitions. *Id.* On January 21, 2005, the Ninth

Circuit denied Woodruff's motions for a certificate of appealability and for permission to file a successive § 2255 motion. Dkt. 403.

On June 13, 2006, Woodruff filed a "Motion for Reconsideration Pursuant to Rule 60(b)(1)(3); (4) and (6); and 18 U.S.C. § 3553(c)(4); 18 U.S.C. § 3585; USSG § 5K2.23; For Judgment as a Matter of Law, and Congressional Intent As Applied." Dkt. 412. On October 17, 2006, Judge Walker denied the motion. Dkt. 417. Judge Walker found that the Rule 60 arguments were brought upon theories contemplated by § 2255 and were "merely a re-hash of early contentions rejected" in prior orders. He therefore considered the motion a successive § 2255 petition, and rejected it because Woodruff had not obtained certification from the Ninth Circuit to so file. *Id.*

Woodruff then filed a series of motions and petitions with the court. *See* Dkts. 409, 420, 426, 428, 429, 430, 431, 434, 435, 436, 441, and 442. On July 23, 2007, Judge Walker issued an order denying all of them. Dkt. 443. Among Woodruff's many claims was a petition for writ of audita querela, a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued. *Id.* (*citing Carrington v. United States*, 470. F3d 920 (9th Cir. 2006)). Judge Walker denied this petition, noting that a writ of audita querela is not an available remedy where the claims would be cognizable in a § 2255 petition. *Id.* Because the matter pertained to Woodruff's sentence, and Woodruff had already filed a § 2255 petition which was denied, Woodruff could not proceed under the writ. *Id.* Judge Walker also found that even assuming *arguendo* that Woodruff could proceed under the writ, nothing in the case warranted reconsideration of Woodruff's sentence. *Id.* (*distinguishing Carrington*, 470 F.3d at 925). In the order, Judge Walker also noted that Woodruff filed a "bizarre 'invoice' to the court for $24 million dollars for alleged damage to his property interests" and a "bogus check for the amount of $632,000 purporting to be drawn on the United States Treasury" for his restitution. *Id.* Judge Walker stated, "having exhausted all viable avenues for relief, defendant, it appears, has resorted to creative measures in an attempt to reduce his sentence and avoid paying restitution. The court reminds defendant, however, that he has had his due process and that the court cannot and will not tolerate excessive and groundless correspondence." *Id.* at 8.

On December 7, 2007, Woodruff filed a "motion to vacate and/or set aside court ordered

3

restitution." Dkt. 459. Woodruff argued that the court's restitution order must be set aside because the court failed to consider factors such as defendant's ability to pay before the imposition of the restitution order. *Id.* On April 3, 2008, Judge Walker issued an order denying the motion. He first noted that complaints concerning restitution cannot be addressed in a § 2255 proceeding, and that apart from the narrow circumstances prescribed by statute or Fed. R. Crim. P. 35, district courts lack the authority to alter a sentence. *Id.* (*citing United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999)). Judge Walker then found that the Woodruff's motion did not fall under either of the circumstances envisioned in Rule 35 or 18 U.S.C. § 3572(a)(1) for the proper exercise of jurisdiction. Judge Walker again addressed the merits anyway, and found that defendant's indigence did not render the award inappropriate. *Id.* at 5 (*citing United States v. Sablan*, 92 F.3d 865, 870-71 (9th Cir. 1996) (imposing restitution on indigent persons is appropriate "because the defendant's future financial status is indeterminable and could change."))

On July 18, 2008, the Ninth Circuit again denied Woodruff's application for permission to file a second or successive § 2255 petition, stating that "[b]ecause the application is so insubstantial as to not warrant further review, it shall not be permitted to proceed." Dkt. 470.

According to the government's opposition to the instant motions, Woodruff was released from federal custody on December 31, 2010. Gov't Opp. at 5. The government attaches a declaration from a financial analyst in the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of California, which is responsible for the collection of civil debts owing to the United States and for the collection of criminal fines and restitution. Gov't Opp., Ex. A (Laird Decl. ¶ 2). The analyst, Kathleen Laird, is assigned to Woodruff's case. *Id.* Laird states that between October 7, 2002 and March 5, 2010, Woodruff made $450 in restitution payments in this case. *Id.* at ¶ 3. Woodruff has made no restitution payments since March 5, 2010. *Id.* at ¶ 4. He currently owes $624,550. *Id.* at ¶ 5.

On December 15, 2011, Woodruff filed a motion entitled "Motion to Quash Supervised Release and Order for Modification of Original Sentence, Pursuant to 18 U.S.C. § 3582(c)(1)(B) to the Extent Otherwise Expressly Permitted By Statute 2255(a) and (b) of Title 28." Dkt. 509. The motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(B), 18 U.S.C. § 3583(e)(1), and 28 U.S.C. § 2255. The motion incorporates an earlier filed motion from May 27, 2010, entitled a "Petition for Writ of Audita

Querela Per: All Writs Act 28 U.S.C. § 1651(a)(b); and Modification of Sentence Per: 18 U.S.C. § 3582(c)(1)(B)." Dkt. 503-1. Woodruff's motions (1) attack his sentence on *Apprendi* grounds; (2) "to have movant's supervised release terminated forth wit [sic]"; and (3) "the restitution for victim monetary loss be found by a jury verdict and/or waive [sic]." Per this Court's scheduling order issued on December 29, 2011, the government filed an opposition on March 19, 2012. *See* Dkt. 515.

### 1. Woodruff's Motions Pursuant to 28 U.S.C. § 2255

To the extent Woodruff's motion is brought under § 2255, his petition is again denied as successive without certification. A district court has no jurisdiction to reach the merits of any successive claim unless petitioner receives certification from the court of appeals. 28 U.S.C. § 2255; *United States v. Allen*, 157 F.3d 661, 644 (9th Cir. 1998). Judge Walker denied Woodruff's first habeas petition on July 15, 2003. Dkt. 384. Judge Walker then denied Woodruff's subsequent series of § 2255 petitions as successive and without certification from the Ninth Circuit. Dkts. 390, 417, 443. The Ninth Circuit has twice denied petitioner certification to file successive § 2255 petitions. Dkts. 403 and 470. Because Woodruff has again filed a motion without certification from the Ninth Circuit, his petition is DENIED.

### 2. Woodruff's Motions Pursuant to 18 U.S.C. § 3582(c)(1)(B)

Woodruff labels his motion as one brought pursuant to 18 U.S.C. § 3582(c)(1)(B). This statute allows for modification of an imposed term of imprisonment only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 states that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Ninth Circuit has held that Rule 35(a)'s 14-day limitation is jurisdictional, and the district court has no jurisdiction after this time period has elapsed. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011). Here, the motion is brought more than 10 years after the sentence was imposed, and thus the Court lacks jurisdiction. Judge Walker already so found in his April 3, 2008 Order. Dkt. 463 (*citing United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003)). Woodruff's motions brought pursuant to 18 U.S.C. § 3582(c)(1)(B) are DENIED.

### 3. Woodruff's Challenge to the Restitution Order

As Judge Walker stated in his April 3, 2008 Order, complaints concerning restitution cannot be addressed in a § 2255 proceeding. Dkt. 463 (*citing United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999). In addition, assuming Woodruff could challenge the restitution, Woodruff's indigence does not render the award inappropriate. *Id.* (*citing United States v. Sablan*, 92 F.3d 865, 970-71 (9th Cir. 1996)). Woodruff's challenge to the restitution order is DENIED.

### 4. Woodruff's "Petition for the Writ of Audita Querela"

In his July 23, 2007 Order, Judge Walker denied Woodruff's petition for writ of audita querela. Dkt. 443. He noted that the writ is not an available remedy where the claims would be cognizable in a § 2255 petition. *Id.* (*citing Carrington*, 470 F.3d at 925). Because Woodruff's claims are cognizable under § 2255, he cannot proceed under the writ. Dkt. 443. This continues to be the case. Woodruff's claim under the writ of audita querela is DENIED.

### 5. Woodruff's Request for Early Termination of His Terms of Supervised Release

The only issue that Woodruff presents in his motions that is not successive is a request for early termination of supervised release. Title 18, U.S.C. § 3583(e)(1), provides that a district court may, after considering the factors set forth in 18 U.S.C. § 3553(a),

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Ninth Circuit has stated that it is the burden of the defendant, as the party receiving the benefit of early termination, to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Woodruff has not met his burden demonstrating the appropriateness of early termination. In fact, his motions provide no reasons at all as to why such relief is warranted. On the other hand, Woodruff's probation officer has recently filed a Form 12 "Petition for Summons for Offender Under Supervision" charging violations of the conditions of his supervised release. *See* Dkt. 517. The Laird Declaration

1 states that Woodruff has not paid restitution since his release from custody. Laird Decl. ¶ 4. The Court
2 finds that early termination is not warranted under these circumstances.

### 6. Woodruff's Other Motions

Beyond the motions addressed above, in the last several years, prior to his release from custody, Woodruff has filed a series of motions. Woodruff has filed a "Request for Order to Show Cause re: Failure to Respond to Movant Motion for Modification of Sentence" (Dkt. 466); "Petition for Order to Show Cause Why Pleading Are not Filed" (Dkt. 467); "Petition for Writ of Error Per: Audita Querela and the All Writs Act" (Dkt. 468); "Request for Entry of Default" (Dkt. 471); "Motion for Preliminary Injunction" (Dkt. 472); "Motion for Judgment on the Pleading" (Dkt. 474); "Petition for Writ of Mandamus to Compel the Clerk to Perform Their Ministerial Duty" (Dkt. 477); "Petition For Order to Show Cause" (Dkt. 478); "Motion Seeking Release Pending Appeal" (Dkt. 480); "Motion for Judgment on the Pleading" (Dkt. 481); "Petition for Default Judgment" (Dkt. 484); "Petition for Expeditious Hearing And/Or Order" (Dkt. 485); "Movant Rule 60(b)(4) and (6) FRCP Motion for Relief From Judgment or Order Denying 2255 Motion (Dkt. 486); "Defendant's Motion to Challenge the Constitutionality of 18 U.S.C. § 1951(a) and Requests Certification by the Court" (Dkt. 491).

The Court has reviewed these motions. Many of them contain the same arguments addressed above. One argument that appears in a number of them is that Public Law 80-722, by which Congress enacted 18 U.S.C. § 3231 granting original jurisdiction to district courts over "offenses against the laws of the United States," was passed without a quorum in the House of Representatives. *See, e.g.,* Dkts. 474 and 474. This argument - and variations on it - has been rejected by courts throughout the country,

///
///

including in this district. *See Johnson v. United States*, 2009 WL 3733052, at *1 (N.D. Cal. Nov. 6, 2009) (White, J.); *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D.Pa. Apr. 5, 2011). The motions otherwise contain arguments that are wholly without merit, rendered moot by Woodruff's release, or otherwise barred by Woodruff's failure to obtain certification from the Ninth Circuit to file a successive § 2255 motion. Woodruff's other motions listed above are therefore DENIED.

**IT IS SO ORDERED.**

Dated: May 14, 2012

SUSAN ILLSTON
United States District Judge